IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Allen Bowers, | ) | C/A No. 0:24-4525-MGL-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden Mr. Graham, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner James Allen Bowers, a federal prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.    Factual and Procedural Background**

Petitioner was convicted of unlawful transport of firearms under 18 U.S.C. § 922(g) in November 2017 in the United States District Court for the Eastern District of Tennessee. See United States v. Bowers, CR. No. 1:17-cr-72-CLC-SKL (E.D. Tenn.). The court sentenced Petitioner to eighteen months' imprisonment and three years' supervised release. Petitioner began his term of supervised release on August 2, 2018. Due to several violations of his conditions of supervised release, Petitioner was ordered to serve five weekends in jail in May and June 2019. In September 2019, after further violations, the court revoked Petitioner's supervised release and sentenced him to six months' imprisonment and two years of supervised release. Petitioner served that sentence from September 2019 to March 2020—the time served at issue in this case.

In November 2020, Petitioner was arrested for another violation of 18 U.S.C. § 922(g)(1). See United States v. Bowers, Case No. 1:21-cr-117-CLC-SKL (E.D. Tenn.). Petitioner proceeded

to trial on that charge in November 2022 and was found guilty. The court sentenced Petitioner to 110 months' imprisonment for the new charge and also to 24 months' imprisonment for violation of his supervised release from the 2017 sentence.

Petitioner brings this § 2241 petition arguing that the BOP is improperly denying him time served credit for the six months he was incarcerated in the holdover facility prior to his November 2020 arrest. Specifically, Petitioner argues that time served should apply to the 24-month sentence imposed as a result of the "probation revocation from the same case." (Pet., ECF No. 1-1 at 4.)

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases,[1] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* pleadings, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs.,

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).

901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under 28 U.S.C. § 2241 is generally the proper method to challenge the computation or execution of a federal sentence. See United States v. Little, 392 F.3d 671, 678-79 (4th Cir. 2004); United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence rather than the sentence itself"). Accordingly, § 2241 is the proper vehicle for Petitioner's challenge to his sentence computation.

However, Petitioner fails to allege a plausible claim for federal habeas relief. Relying on 18 U.S.C. § 3585, Petitioner argues the time he served in federal custody for his first violation of the conditions of his 2017 sentence should be credited to his subsequent 2022 sentence because the 2022 sentence was "imposed as a result of the probation revocation from the same [2017] case." (Pet., ECF No. 1-1 at 2-4.) 18 U.S.C. § 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Here, Petitioner was subject to three separate sentences for violating the terms of his supervised release. He seeks to apply the time he served for the second revocation of supervised release to reduce the sentence for his third supervised release revocation, even though he had not yet been arrested for the third revocation while serving time for the second revocation. Under 18 U.S.C. § 3585(b), Petitioner cannot receive credit toward his 2022 sentence before that sentence was imposed because that time was already being credited to the 2017 sentence. See e.g., Ozsusamlar v. McCaffrey, C/A No. 3:22-21, 2022 WL 18638822, at *6 (N.D.W. Va. Aug. 3, 2022), report and recommendation adopted by, 2023 WL 316131 (N.D.W. Va. Jan. 19, 2023) ("Petitioner was not eligible to obtain credit for time served prior to imposition of his second federal sentence, because he was already receiving credit for that time toward his first federal sentence."). Petitioner thus fails to plausibly allege any error in his sentence calculation.

### III.    Conclusion

Accordingly, the court recommends that the above-captioned cases be dismissed without prejudice and without requiring the respondents to file a return.

_____
November 19, 2024              Paige J. Gossett
Columbia, South Carolina       UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).